WOERHEIDE et al. v. H. W. JOHNS-MANVILLE CO.

(Circuit Court of Appeals, Second Circuit. January 16, 1917.)

No. 129.

PATENTS ⬯328—INFRINGEMENT—CLEAT FOR SECURING PREPARED ROOFING.
    The Woerheide patent, No. 973,902, for a cleat for securing prepared roofing, given the liberal construction to which it is entitled by reason of its primary place in the art, *held* infringed.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by William H. Woerheide and the Barber Asphalt Paving Company against the H. W. Johns-Manville Company. Decree for complainants, and defendant appeals. Affirmed.

Appeal from a supplemental decree, entered June 30, 1916, holding valid and infringed claims 2, 3 and 4 of letters patent No. 973,902 to William H. Woerheide dated October 25, 1910, for a cleat for securing prepared roofing. The patent was held valid and infringed by the District Court (215 Fed. 604), and the decree was affirmed by this court (220 Fed. 674, 136 C. C. A. 316).

Frederick P. Fish and A. Parker-Smith, both of New York City, for appellant.

Joseph C. Fraley and Henry N. Paul, Jr., both of Philadelphia, Pa., and Edwards, Sager & Wooster, of New York City, for appellee Barber Asphalt Paving Co.

Wing & Russell, of New York City, for appellee Woerheide.

Before COXE, WARD, and ROGERS, Circuit Judges.

COXE, Circuit Judge. When this patent was before us, less than two years ago, we thought that Woerheide had added a simple but decidedly efficacious improvement to the roofing art. Prior to his invention the problem of fastening prepared roofing to the roof was in a most unsatisfactory condition. The devices then used, large-headed nails, round metal caps, nails and cement, proved wholly insufficient. None of them solved the problem. The roofing material was torn, a tight joint was not produced and the roofs continued to leak. Unless

_____

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

some remedy for these radical defects was found the prepared roof industry could not be successfully continued. We have, then, a valid patent for a simple but useful device which successfully solved the problem in a highly useful art. The claims in issue are entitled to a liberal construction and the sole question here is, are they infringed? When the case was here before it was stated in the appellant's brief as follows:

"It is undoubtedly the fact that plaintiff's cleat is the first sheet metal roofing cleat commercially introduced in this country for the purpose of securing prepared roofing."

The advantages of this cleat over the tin caps and large-headed nails in use at the date of Woerheide's invention, are manifest. The cleat prevented gaps and buckling which occurred when the large-headed nails and similar devices were used. There were no intervals in the pressure of the cleats, it was continuous. The nearest approach to this continuous pressure found in the prior art is the wooden strips, but such strips will bend, crack, split and decay. They can never have the endurance and the inflexibility necessary for a roofing cleat. The problem of producing a suitable holder for prepared roofing was not as simple as it now appears, after the result is accomplished. Wood could not be utilized for the reasons just stated. Sheet metal could not be made effective; it would not hold the roofing rigidly between the nailing domes. It may be that if we search this and analogous arts we may find every separate element of Woerheide's invention but we are convinced that never before Woerheide were they combined in a cleat for holding prepared roofing material upon a roof so as to prevent buckling and leaking.

The defendant has shown considerable ingenuity in its effort to avoid infringement. To a casual observer the patented device seems quite different from the defendant's device. It will be seen, however, upon closer examination that the defendant has all the valuable features of the patented structure, although to the ordinary observer they look very different.

The cleat, arched transversely and having greater length than breadth, the narrow crown, the abrupt side walls leading from crown to base, the ends of the cleat, being closed by strengthening stay portions, drawn from the crown to the base and connecting the side walls to resist outward movement thereof, all are present in both of defendant's structures.

The decree is affirmed with costs.